**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

|  |  |
|---|---|
| HONORIO LATYR PEREIRA BARRETO,<br><br>                 Petitioner,<br>     v.<br><br>STATE OF ALASKA,<br>*Department of Corrections*, et al.,<br><br>              Respondents. | Case No. 3:26-cv-00235-SLG |

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

Before the Court at Docket 1 is Petitioner Honorio Latyr Pereira Barreto's Petition for Habeas Corpus Relief. Petitioner concurrently filed an application for an order to show cause,[1] which the Court granted on June 12, 2026.[2] On June 15, 2026, Federal Respondents filed a return on the order to show cause,[3] to which Petitioner replied on June 16, 2026.[4]

## BACKGROUND

In late 2019 or early 2020, Petitioner, a citizen of Senegal, entered the United States with a fiancé K-1 visa.[5] On February 10, 2020, Petitioner married

---

[1] Docket 3.

[2] Docket 6.

[3] Docket 8.

[4] Docket 15.

[5] Docket 1 ¶ 17.

his fiancée, Rama Gueye, and subsequently filed to adjust his status.[6]  On or around December 2, 2020, Petitioner was granted conditional permanent resident status.[7]  On September 22, 2022, Petitioner timely filed Form I-751, Petition to Remove Conditions on Residence.[8]

In 2023 and 2024, Petitioner was arrested and charged in Municipality of Anchorage cases 3AN-23-02803CR and 3AN-24-01874CR.[9]  According to Petitioner's State attorney Assistant Public Defender Randall Patterson, Petitioner began participating in Anchorage Municipal Wellness Court, a therapeutic court of the Alaska Court System, in November of 2024.[10]  As part of that program, Petitioner "is required to meet regularly with a probation officer, attend near daily treatment meetings, and submit to random urinalysis." [11]  Petitioner is also "required to attend a court hearing every other week where his progress is addressed by Anchorage District Court Judge[s]."[12]  According to Mr. Patterson, Assistant Municipal Prosecutor Chris Storz has assured Mr. Patterson that Petitioner's "cases will be reduced to one count with a requirement to pay

---

[6] Docket 1 ¶ 17

[7] Docket 1 ¶ 17.

[8] Docket 1 ¶ 18.

[9] Docket 10-1 at 10; Docket 8 at 2.

[10] Docket 10-1 at 2.

[11] Docket 10-1 at 2.

[12] Docket 10-1 at 2.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 2 of 14

restitution," "[u]pon completion of the Wellness Court program."[13]

On June 21, 2024, United States Citizenship and Immigration Services ("USCIS") issued Petitioner a Request for Evidence requesting that he submit a photocopy of his marriage certificate, a photocopy of his Form I-551, Permanent Resident Card, and certified copies of the final court dispositions pertaining to Petitioner's arrests and criminal charges in the 2023 and 2024 cases.[14] The Request for Evidence stated that if Petitioner does not respond to the notice by September 16, 2024, his "case may be denied."[15]

On October 22, 2024, USCIS issued Petitioner a Decision on his Form I-751, Petition to Remove Conditions on Residence.[16] The Decision stated:

> On June 20, 2024, USCIS issued a request for evidence providing you 90 days to respond.
>
> That time period has elapsed and, as of this date, there is no record you responded to the request for evidence.
>
> Pursuant to 8 Code of Federal Regulations (8 CFR) §103.2(b)(13)(i):
>
> > If the petitioner or applicant fails to respond to a request for evidence or to a notice of intent to deny by the required date, the benefit request may be summarily denied as abandoned, denied based on the record, or denied for both reasons . . .
>
> Accordingly, your Form I-751 is deemed abandoned and denied pursuant to 8 CFR § 103.2(b)(13). This decision may not be appealed

---

[13] Docket 10-1 at 2.

[14] Docket 8 at 2; Docket 9-2 at 1-3.

[15] Docket 9-2 at 1.

[16] Docket 9-3 at 1.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 3 of 14

to USCIS.

> Your conditional permanent resident status is terminated. . . . Please note USCIS may issue you a Notice to Appear before an Immigration Judge. You may request a review of this decision before an Immigration Judge pursuant to 8 CFR § 216.4(d)(2).

On June 8, 2026, Petitioner was issued a Notice to Appear, charging him with deportability under INA § 237(a)(1)(D)(i).[17] The Notice ordered Petitioner to appear before an immigration judge ("IJ") at 620 East 10th Avenue, Room 302, Anchorage, AK 99501 on October 14, 2026 at 1:00 PM.[18] On June 9, 2026, Petitioner was issued a Notice of Internet-Based Hearing informing him that his "hearing is not in person" and that he can access his hearing by using the URL on the Notice.[19]

On June 11, 2026, Petitioner filed a new I-751 application with USCIS.[20] On June 16, 2026, USCIS issued a Receipt Notice stating:

> We have extended the validity period on your Form I-551, Permanent Resident Card, (also known as a Green Card) for 48 months from the date of expiration. During this extension, you are authorized to work and travel. . . . (This extension and authorization for employment and travel does not apply to you if your conditional permanent resident status has been terminated.)[21]

That same day, as Petitioner was leaving a Wellness Court hearing in Anchorage,

---

[17] Docket 9-4 at 1.

[18] Docket 9-4 at 1.

[19] Docket 9-5 at 1.

[20] Docket 11-2 at 1.

[21] Docket 11-2 at 1.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 4 of 14

Case 3:26-cv-00235-SLG    Document 26    Filed 06/25/26    Page 4 of 14

Alaska, Petitioner was detained by Immigration and Customs Enforcement ("ICE") agents.[22]  The next day, Petitioner was served with a Notice of Custody Determination, which allowed Petitioner to request a review of his custody determination by an IJ by signing an acknowledgement of receipt and a request for review.[23]  Petitioner refused to sign the acknowledgement and the request.[24]

On June 12, 2026, Petitioner initiated this case by filing the Petition for Writ of Habeas Corpus, an Application for Order to Show Cause, and a Motion for Temporary Restraining Order ("TRO").[25]  That same day, this Court granted Petitioner's Application for Order to Show Cause and enjoined and restrained Respondents from removing Petitioner from the District Alaska.[26]  On June 15, 2026, Federal Respondents filed a return on the order to show cause,[27] to which Petitioner replied on June 16, 2026.[28]  The Court held a show cause hearing on June 17, 2026.[29]

On June 19, 2026, USCIS issued a Biometrics Appointment Notice for

---

[22] Docket 1 ¶ 24.

[23] Docket 8-1 at 1.

[24] Docket 8-1 at 1.

[25] Docket 1; Docket 3; Docket 5.

[26] Docket 6 at 3.

[27] Docket 8.

[28] Docket 15.

[29] Docket 19.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 5 of 14

Petitioner's pending I-751 application.[30]  On June 25, 2026, Federal Respondents notified the Court that Enforcement and Removal Operations ("ERO") of ICE "coordinated with USCIS to take biometrics of Petitioner" and that "[t]he appointment now shows as completed in the USCIS database."[31]  According to Supervisory Detention and Deportation Officer Bradley Hayes, "[t]o the extent Petitioner has Alaska State criminal court hearings while detained by ICE, Alaska ERO agrees to coordinate with the Alaska State Court to ensure Petitioner can participate regardless of where he is detained."[32]

Petitioner is currently detained at the Anchorage Correctional Center, of which Respondent Arnaldo Hernandez is the Superintendent.[33]

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[34]  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive

---

[30] Docket 20-1 at 1.

[31] Docket 25-1 at 2.

[32] Docket 25-1 at 2.

[33] Docket 1 ¶ 28.

[34] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 6 of 14

Case 3:26-cv-00235-SLG    Document 26    Filed 06/25/26    Page 6 of 14

detention, and it is in that context that its protections have been strongest."[35] Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction.[36] A writ of habeas corpus is "available to every individual detained within the United States,"[37] and "the Fifth Amendment entitles aliens to due process of law in deportation proceedings."[38]

## DISCUSSION

First, Petitioner asserts that his detention is unlawful because Petitioner is a conditional lawful permanent resident and Respondents, therefore, have no basis in law for detaining Petitioner.[39] Federal Respondents assert that because USCIS terminated Petitioner's conditional permanent resident status, Petitioner is deportable under 8 U.S.C. § 1227(a)(1)(D)(i), and Petitioner is detained under 8 U.S.C § 1226(a).

Under 8 U.S.C. § 1186a(a)(1), a noncitizen who obtains permanent residence based on a qualifying marriage that was less than two years old receives that status on a conditional basis for two years. To remove those conditions, the conditional permanent resident and petitioning spouse generally must file a Form

---

[35] *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).

[36] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

[37] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).

[38] *Demore v. Kim*, 538 U.S. 510, 523 (2003).

[39] Docket 15 at 10.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 7 of 14
Case 3:26-cv-00235-SLG    Document 26    Filed 06/25/26    Page 7 of 14

I-751 during the 90-day period immediately preceding the second anniversary of the noncitizen's admission as a conditional permanent resident.[40]  If USCIS denies the petition, it must terminate the noncitizen's permanent resident status as of the date of its decision,  and the noncitizen becomes removable pursuant to 8 U.S.C. § 237(a)(1)(D)(i).[41]

Here, USCIS denied Petitioner's first Form I-751 for abandonment and terminated his conditional permanent resident status on October 22, 2024.[42] Although Petitioner later filed another Form I-751, the record does not indicate that USCIS has vacated the prior denial or termination.  A subsequently filed Form I-751 may still be adjudicated, but its filing does not alone establish that the prior termination has been set aside.[43]  Accordingly, Petitioner was issued a Notice to Appear, charging him with deportability under INA § 237(a)(1)(D)(i).[44]  The Court does not decide whether Petitioner is ultimately removable or whether his pending Form I-751 should be granted.  It concludes only that Petitioner is presently detained pending a decision on whether he is to be removed and that his detention

---

[40] 8 U.S.C. § 1186a(c)(1), (d)(2)(A); 8 C.F.R. § 216.4(a)(1).

[41] 8 U.S.C. § 1186a(c)(3)(C); 8 C.F.R. § 216.4(d)(2).

[42] Docket 1 at 5.

[43] See *Matter of Munroe*, 26 I. & N. Dec. 428, 429–31 (B.I.A. 2014) (noncitizen remained in removal proceedings based on terminated conditional permanent resident status while pursuing a subsequently filed Form I-751); *Matter of Stowers*, 22 I. & N. Dec. 605, 611–13 (B.I.A. 1999) (same).

[44] Docket 9-4 at 1.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 8 of 14
Case 3:26-cv-00235-SLG    Document 26    Filed 06/25/26    Page 8 of 14

therefore falls within 8 U.S.C. § 1226(a).

Next, Petitioner asserts that his detention violates his Fifth Amendment procedural due process right to participate in his municipal criminal case and immigration case and his Sixth Amendment right to counsel.[45]  Federal Respondents assert that the Court should deny Petitioner's request for habeas relief because "Petitioner is eligible for a bond hearing" under 8 U.S.C § 1226, and "[i]f he requests a bond hearing, he will be scheduled for a bond hearing with the immigration court."[46]

As a threshold matter, "[d]istrict [c]ourts are authorized by 28 U.S.C § 2241 to consider petitions for habeas corpus," and "[t]hat section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."[47]  However, the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."[48]  Specifically, "courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme;

---

[45] Docket 1 ¶¶ 30-33.

[46] Docket 8 at 4.

[47] *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001).

[48] *Id.*

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 9 of 14
Case 3:26-cv-00235-SLG    Document 26    Filed 06/25/26    Page 9 of 14

and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."[49]

Here, Petitioner is detained under 8 U.S.C. § 1226(a) and may seek administrative relief in the form of an individualized bond determination before an IJ.[50] Once Petitioner receives a bond hearing before an IJ, he may appeal an unfavorable decision by the IJ to the BIA.[51] If Petitioner disagrees with the BIA's decision he can "file a habeas petition in the district court" to challenge his continued detention for constitutional claims.[52] Thereafter, "the district court's decision on the habeas petition may be appealed" to the Ninth Circuit.[53] "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."[54]

Courts may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative

---

[49] *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).

[50] *See* 8 C.F.R. §§ 1003.19(a)–(b), 1236.1(d)(1); *Matter of Guerra*, 24 I. & N. Dec. 37, 38–40 (B.I.A. 2006).

[51] *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011).

[52] *Id.*

[53] *Id.*

[54] *Id.* at 1160.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 10 of 14
Case 3:26-cv-00235-SLG    Document 26    Filed 06/25/26    Page 10 of 14

proceedings would be void."[55]  Petitioner asserts that a bond hearing before an IJ would be futile because "the Tacoma Washington Immigration Court, like most Immigration Courts nationwide, now conducts "sham" bond hearings in which the Immigration Judges almost always deny bond to persons who are detained."[56]

Courts have excused exhaustion for futility in limited circumstances, including where binding agency precedent deprived the immigration judge of authority to grant bond, or where a petitioner challenged a fixed, system-wide policy that an individual administrative proceeding could not remedy.[57] Courts have also found futility where a petitioner's claim concerns a constitutional defect in an already-conducted hearing and a lengthy BIA appeal would perpetuate the alleged deprivation.[58]  The Court is not persuaded that one of those limited circumstances is present here.  Federal Respondents acknowledge that "Petitioner is eligible for a bond hearing,"[59] and an IJ has authority to grant the release Petitioner seeks.

---

[55] *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *SEC v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

[56] Docket 15 at 8.

[57] *See, e.g.*, *Hernandez v. Sessions*, 872 F.3d 976, 988–89 (9th Cir. 2017); *Balwan v. Bondi*, Case No. 2:26-CV-00248-LK, 2026 WL 497098, at *2 (W.D. Wash. Feb. 23, 2026) (finding that a petitioner's "attempt to seek release by administrative means was likely futile because of a then-controlling decision by the BIA that detention is mandatory under 8 U.S.C. § 1225(b) for noncitizens in [the petitioner's] posture" (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025)).

[58] *Garcia Miranda v. Hernandez*, Case No. 2:26-CV-00906-JNW, 2026 WL 1328227, at *3 (W.D. Wash. May 13, 2026) (waiving exhaustion of a BIA appeal over an allegedly deficient bond hearing because further agency review was unnecessary for the procedural-due-process claim and waiting months for BIA review would prolong detention without meaningful process).

[59] Docket 21 at 8.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 11 of 14

Moreover, "[t]he Ninth Circuit has held that Section 1226(a) provides facially constitutional procedures, and [P]etitioner has not established at this point that those procedures would be constitutionally inadequate as applied to him."[60]

Petitioner's generalized contention that all bond proceedings are categorically constitutionally inadequate does not establish that requesting a hearing in his own case would be futile. A bond hearing may result in Petitioner's release and thereby eliminate or materially remedy the injuries on which his substantive claims are premised, including his asserted inability to consult with his criminal defense counsel, participate in his criminal proceedings, and attend appointments necessary to the adjudication of his pending USCIS application.[61] Requiring Petitioner to pursue that available remedy is appropriate because a bond hearing may provide the release he seeks and, if it does, would thereby eliminate the factual predicate for each of his asserted constitutional claims. Should Petitioner remain detained following a bond hearing that he contends was constitutionally deficient, he may pursue administrative review or return to federal court upon a particularized showing that administrative review would be futile.

---

[60] *Ngugi v. Lyons*, Case No. 1:25-CV-01783-KES-EPG, 2026 WL 35610, at *3 (E.D. Cal. Jan. 6, 2026) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022)).

[61] The Court notes that Petitioner's assertion that his detention would prevent him from attending his scheduled biometrics appointment is now moot because, according to Federal Respondents, "ERO coordinated with USCIS to take biometrics of Petitioner" and "[t]he appointment now shows as completed in the USCIS database." Docket 25-1 at 2. Further, "[t]o the extent Petitioner has Alaska State criminal court hearings while detained by ICE, Alaska ERO agrees to coordinate with the Alaska State Court to ensure Petitioner can participate regardless of where he is detained." Docket 25-1 at 2.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 12 of 14
Case 3:26-cv-00235-SLG    Document 26    Filed 06/25/26    Page 12 of 14

Accordingly, the Court declines to excuse Petitioner's failure to exhaust his administrative remedies and finds that he is entitled to an individualized bond hearing should he so request it. The Court further finds that, at such hearing, "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond" and that the bond hearing must comport with the other requirements of *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011).

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The Petition for Writ of Habeas Corpus at Docket 1 is **GRANTED IN PART** and **DENIED IN PART**.

2. Within **seven (7) days** of Petitioner's written request for a bond hearing, Respondents shall provide Petitioner with an individualized bond hearing before a neutral immigration judge at which Petitioner shall be permitted to appear and participate, either in person or by contemporaneous video conference. The bond hearing shall comply with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond."[62] In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without

---

[62] *Singh*, 638 F.3d at 1203.

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 13 of 14
Case 3:26-cv-00235-SLG    Document 26    Filed 06/25/26    Page 13 of 14

bond," the immigration judge shall consider Petitioner's financial circumstances and alternative conditions of release.[63]

3.　　Respondents shall file a notice of compliance within **two (2) days** of Petitioner's bond hearing. The notice of compliance shall state the result of Petitioner's bond hearing.

4.　　This matter is hereby **STAYED** until a notice of compliance is filed.

DATED this 25th day of June, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[63] *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

Case No. 3:26-cv-00235-SLG, *Barreto v. State of Alaska, et al*
Order on Petition for Writ of Habeas Corpus
Page 14 of 14